UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CHERYL BULLOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-00118-ACL |
| ) | |
| DEPARTMENT OF VETERAN AFFAIRS ) | |
| JOHN J. PERSHING VA MEDICAL ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Cheryl Bullock brings this employment discrimination action under the Rehabilitation Act of 1973, the Federal Employees' Compensation Act, the Whistleblower Protections Act, the Federal Service Labor-Management Relations Statute, and the Master Agreement between the Department of Veterans Affairs and the American Federation of Government Employees. (ECF No. 1). Before the Court are four motions filed by Plaintiff: a document titled "Proceeding Without Payment" (ECF No. 2), a Motion for Sanctions and Stay (ECF No. 5), a Motion for ADA Accommodation and for Next Friend (ECF Nos. 11, 13), and an Emergency Amended Motion for Protective Order and Expedited Stay, which this Court interprets as a motion for restraining order brought pursuant to Federal Rule of Civil Procedure 65. (ECF No. 14). Having reviewed the filings in this matter, the Court will deny all pending motions and require Plaintiff to file both an amended complaint and a motion to proceed in district court without prepaying fees or costs on Court-provided forms.

Plaintiff has thirty (30) days from the date of this Order to file an amended application and an amended complaint in accordance with the specific instructions set forth here.

**The Complaint**

Plaintiff Cheryl Bullock, a Pharmacy Technician at the Department of Veterans Affairs at the John J. Pershing Medical Center in Poplar Bluff, Missouri, filed the instant employment discrimination action against five defendants on July 3, 2025: (1) the Department of Veterans Affairs; (2) Director Fabian Grabski; (3) Associate Chief of Pharmacy, Linda Bryeans-Burfield; (4) Chief of Pharmacy, Dr. Stephanie Berrong; and (5) Other Unknown Agents and Employees. (ECF No. 1). Although Plaintiff's complaint is typewritten, it is not on a Court form, and it is unsigned, in violation of Local Rule 2.06(A) and Federal Rule of Civil Procedure Rule 11.

Plaintiff brings a plethora of claims in this lawsuit against the five defendants, many of which she is unable to sustain under the complaint as currently written. She sues under the Rehabilitation Act of 1973 (Rehab Act), 29 U.S.C. §§ 701, *et seq.*, the Federal Employees Compensation Act (FECA),[1] 5 U.S.C. §§ 8101, *et seq.,* the Whistleblower Protection Act,[2] 5 U.S.C. §§ 1211, *et seq*., the Federal Service Labor-Management Relations Statute (FSLMRS), 5 U.S.C. §§ 7101-7116, the Civil Service Reform Act (CSRA),[3] 42 U.S.C. § 1983, and what

---

[1]FECA is a workers' compensation statute for federal employees, which provides that "[t]he United States shall pay compensation ... for the disability ... of an employee resulting from personal injury sustained while in the performance of his duty[.]" 5 U.S.C. § 8102(a). The Secretary of Labor is authorized to administer and decide all questions arising under FECA and the Secretary's decisions as to coverage are not subject to judicial review. *See* 5 U.S.C. §§ 8128(b), 8145 and 8149.

[2]This statute protects federal employees who disclose "mismanagement," "gross waste of funds," "abuse of authority," "danger[s] to public health or safety," and "violation[s] of law" to the Special Counsel. 5 U.S.C. § 1213.

[3]Plaintiff fails to articulate her claims under the Civil Service Reform Act. The CSRA "comprehensively overhauled the civil service system." *Lindahl v. Off. of Pers. Mgmt.,* 470 U.S. 768, 773 (1985). It sets out "in great detail the protections and remedies applicable to such [adverse actions], including the availability of administrative and judicial review." *Id.* at 443. The CSRA created two agencies: (1) the Office of Personnel Management (OPM), which has central responsibility for administering the civil service rules and regulations established under the CSRA; and (2) the Merit System Protection Board (MSPB), which serves as the adjudicatory arm with jurisdiction over the personnel system. *See* 5 U.S.C. §§ 1101, 1204. The CSRA also created the position of "Special Counsel." 5 U.S.C. § 1211. The Special Counsel receives and investigates allegations of prohibited personnel practices in violation of the merit system, reviews OPM rules and regulations, conducts investigations, and prevents reprisals against government "whistle blowers." *Id.* § 1212. The statute protects federal employees who disclose "mismanagement," "gross waste of funds," "abuse of authority," "danger[s] to public health or safety," and "violation[s] of law" to the Special Counsel. 5 U.S.C. § 1213. If the Special Counsel determines that there are "reasonable grounds" to believe a prohibited practice occurred,

appears to be the Collective Bargaining Agreement (CBA) between the American Federation of Government Employees (AFGE) and the Department of Veterans Affairs.[4]

Plaintiff claims that she was working as a Pharmacy Technician at the VA Medical Center in Poplar Bluff, Missouri, when she suffered a fall in the pharmacy on an undisclosed date. (ECF No. 1 at 3). She claims that because of the fall she suffered a brain bleed. However, the exhibit she refers to as an attachment to her complaint does not support her medical contention.[5] Plaintiff states that following her injury, she was placed on workers' compensation. She does not indicate the date this occurred. She purports that "despite her protected status under FECA and the Rehabilitation Act, Defendants initiated a performance plan and scheduled a meeting to issue a reprimand without prior notice to [her] assigned representatives, in violation of the Master Agreement and federal law." Plaintiff alleges that the VA has a history of both discrimination and retaliation against her; however, she fails to indicate what that history entails. Additionally, she claims that on an undisclosed date, Defendants schedule a meeting to issue a reprimand to her despite having knowledge of her lawsuit. Plaintiff asserts that an unnamed supervisor told her that she should not return to the pharmacy until she is medically released. She states that despite being told that she cannot return to her position until release, she is being counted as "AWOL." *Id*.

Plaintiff alleges in a conclusory fashion that Defendants have failed to accommodate her disability, have retaliated against her for filing a workers' compensation claim by counting her

---

he or she is required to report that determination to the MSPB and the Special Counsel may "request" that the MSPB take corrective action. *Id.* § 1214(b)(1)(A)(i), (b)(2)(B).

[4]Plaintiff refers to this document as the "Master Agreement."

[5]Plaintiff refers to Exhibits E1 and E3 for to support her medical issues in her complaint. However, Exhibit E1 is an April 30, 2025 letter to Plaintiff from the U.S. Department of Labor relating to her appeal of the denial of her claim with the Office of Workers' Compensation (OWCP). Exhibit E3 is titled "ECOMP Entity Transaction Memo" and contains no information about Plaintiff's alleged injury.

absent and writing her up, have violated her rights under the Master Agreement and the FSLMRS by failing to follow the union protocols set forth in the CBA and failing to include her union representative in scheduled meetings, and have denied her due process rights. Plaintiff seeks monetary sanctions and injunctive relief in this action.

## Discussion

Having thoroughly reviewed and liberally construed Plaintiff's complaint, the Court finds that it is subject to dismissal as currently written. However, in consideration of Plaintiff's self-represented status, the Court will allow her to file an amended complaint.

### A. Failure to State a Claim

First, Plaintiff has failed to provide the Court with a comprehensive narrative of her claims for relief, including relevant dates of occurrences and facts supporting each of the claims for relief. Plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure in preparing her amended complaint. Her self-represented status does not excuse her from following the Federal Rules of Civil Procedure or the Local Rules of this Court. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856-57 (8th Cir. 1996).

Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002).

Rule 10(b) requires Plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Each count shall then set forth in

separate, numbered paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that Defendant(s) violated; and 3) the relief Plaintiff seeks for the claim (for example, money damages or equitable relief). Plaintiff shall follow the same format with respect to each claim. In stating the facts of a claim, Plaintiff must describe the conduct she alleges is unlawful and the date(s) such conduct occurred, if known. In other words, Plaintiff must describe the adverse employment action(s) she believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and the basis for such discrimination or unlawful conduct, that is, disability, failure to accommodate her disability, interference with her collective bargaining agreement, etc. As noted above, if she believes she was discriminated against based on specific statutes and provisions within each statute, she must articulate those provisions.

Additionally, Plaintiff must state the jurisdictional basis for bringing her claims to the district court. As recognized by the Eighth Circuit Court of Appeals, "FECA explicitly provides that it is the exclusive remedy for a federal employee injured on the job." *Griffin v. United States*, 703 F.2d 321, 322 (8th Cir. 1983). Where FECA furnishes an exclusive remedy, a district court lacks subject matter jurisdiction over a plaintiff's claims. *Pourier v. United States,* 138 F.3d 1267, 1268 (8th Cir. 1998).[6] To the extent Plaintiff is pursuing an appeal with the Department of Labor regarding the denial of her claims under FECA, she cannot proceed with her claims in this Court.[7] And judicial review is not one of the avenues of appeal from the OWCP, as Congress has

---

[6] Insofar as the claim is not covered by FECA, the claim is likely preempted by the CSRA, which "established a comprehensive system for reviewing personnel action taken against federal employees." Elgin v. Dep't of Treasury, 567 U.S. 1, 5 (2012) (citation and quotation omitted); Singh v. United States Postal Serv., No. 17-CV-02211-DMR, 2017 WL 11471761, at *7 (N.D. Cal. Oct. 10, 2017), report and recommendation adopted, No. 17-CV-02211-VC, 2017 WL 11472507 (N.D. Cal. Nov. 22, 2017) (CSRA preempted former USPS employee's claims for wrongful termination and intentional infliction of emotional distress).

[7] Additionally, the Eighth Circuit has held that a "frustrated FECA claimant cannot secure judicial review of a FECA compensation decision by claiming that the Rehabilitation Act entitles her to accommodation in performing an

5

dictated that the OWCP's action "in allowing a denying a payment [under FECA] is ... (2) not subject to review by any other official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128; *see also Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983).

The Court notes that Plaintiff purports to bring claims under the ADA. However, the term "employer," as defined under the ADA, does not include the United States or a corporation wholly owned by the government of the United States. 42 U.S.C. § 12111(5)(B)(i). Therefore, Plaintiff's claims brought under the ADA fail to state a claim.

Moreover, Plaintiff has not properly alleged claims under the Whistleblower Protection Act, the Due Process Clause or the Equal Protection Clause, nor has she connected such claims to a particular event or a particular Defendant. To the extent these claims are enveloped by Plaintiff's disability claims or workers' compensation claims under FECA, they are undoubtedly preempted by those claims. To the extent these claims are an attempt to expand *Bivens*[8] or § 1983 to cover claims against federal employees for an alleged denial of a FECA remedy, the claims are subject to dismissal. *See Ponce v. U.S. Gov't*, 667 F. App'x 921, 923 (9th Cir. 2016) ("a *Bivens* remedy is inappropriate because, through FECA, 'Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration.'" (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988)).

Last, Plaintiff identifies the Defendants as: Department of Veterans Affairs John J. Pershing VA Medical Center, Director Fabian Grabski, Linda Bryeans-Burfield, Dr. Stephanie

---

alternative position approved by the Department of Labor when the claim is predicated upon the same illness or injury that gave rise to the Department of Labor's initial decision." *Meester v. Runyon,* 149 F.3d 855, 857 (8th Cir. 1998).

[8]*Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

M. Berrong, and "Other Unknown Agents and Employees." Plaintiff's attempt to name "Other Unknown Agents and Employees" as a party is inappropriate because they are unidentifiable and indeterminate in number.

In general, fictitious parties cannot be named as defendants in a civil action. *See Phelps v. United States Fed. Gov't*, 15 F.3d 735, 739 (8th Cir. 1994). *See also Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a Plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). An action may proceed against a party whose name is unknown only if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). As such, the complaint as currently written is legally frivolous as to "Other Unknown Agents and Employees."

### B. Instructions for Filing an Amended Complaint

Because several claims in the complaint fail to state a claim, Plaintiff's complaint is not on a Court form,[9] and her filing titled "Proceeding Without Payment" is also defective, the Court will provide Plaintiff thirty (30) days to amend the complaint and file a new application to proceed without prepayment of the filing fee. Plaintiff must follow the instructions set forth above. Additionally, Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint, and so it must include all claims she wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-

---

[9]*See* E.D. Mo. Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* Plaintiff must submit the amended complaint on a Court-provided form, and the amended complaint must comply with the Federal Rules of Civil Procedure. All claims in the action must be included in one centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a). Plaintiff must not attempt to amend her complaint by filing separate documents. Instead, she must file a single, comprehensive pleading that sets forth her claims for relief. The Court will not accept amendments or supplements to the amended complaint by separate documents. Plaintiff should fill out the complaint form in its entirety. If the amended complaint is handwritten, the writing must be legible.

     Finally, the complaint must be signed and dated on the designated signature page (page 8 of the Court-provided form). Under Federal Rule of Civil Procedure 11, every written pleading or motion must be signed "by a party personally if the party is unrepresented" and the Court may strike an unsigned paper "unless the omission is promptly corrected after being called to the … party's attention." Similarly, the local rules of this Court also require that all filings be signed by the party or the party's attorney. E.D. Mo. L.R. 2.01(A)(1). In the filed complaint here, there was only a typed name in the signature block. According to Local Rule 2.11, a typed name in a signature block constitutes a signature only if the person has made an authorized filing through that person's electronic filing account. E.D.Mo.L.R. 2.11. Plaintiff does not have an electronic filing account with the United States District Court for the Eastern District of Missouri.

**Motion on Proceeding without Payment**

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if a plaintiff demonstrates he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Proceeding without prepayment, or *in forma pauperis* status, is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a litigant need not show that she is "absolutely destitute," but she must demonstrate that, because of her poverty, she cannot pay for the litigation costs and still be able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

Much like the complaint, Plaintiff's Motion on Proceeding without Payment is defective because it is not on a Court form, and it is not signed. But the motion is also devoid of any information relating to Plaintiff's finances, debts, or assets. Under the Local Rules of this Court: "An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court." E.D. Mo. L.R. 2.05(A). Additionally, the federal statute governing *in forma pauperis* actions, 28 U.S.C. § 1915, requires the applicant to submit "an affidavit that includes a statement of all assets such [plaintiff] possesses." 28 U.S.C. § 1915(a)(1). Without complete income or asset information, the Court cannot determine whether the costs of litigating this matter would prevent Plaintiff from being able to provide for the necessities of life. If Plaintiff wishes to proceed in this action, she must file an amended motion to proceed in forma pauperis on the proper Court form with the required information, or she must pay the full $405 filing fee. As Plaintiff's Motion for Proceeding Without Prepayment does not meet the requirements of 28 U.S.C. § 1915 or the Local Rules, it will be denied without prejudice. (ECF No. 2).

**Motion for ADA Accommodation**

Plaintiff's Motion for ADA Accommodation requests that Scotty White, a union representative for Plaintiff, be allowed to communicate with the Court on Plaintiff's behalf, assist Plaintiff with organizing and preparing legal filings, and provide "administrative support." (ECF No. 11 at 3). In the motion, Plaintiff argues, "Next friend may represent parties in limited circumstances, such as *under Federal Rule of Civil Procedure 17(c),* which clearly applies here, especially relating to the plaintiffs' disabilities." (*Id*. at 6).

Rule 17(c) of the Federal Rules of Civil Procedure provides for an appointment of a next friend of a minor or incompetent person. "[I]ndividuals are incompetent for Rule 17 purposes if they lack the capacity to litigate under the law of their domicile." *Magallon v. Livingston,* 453 F.3d 268, 271 (5th Cir. 2006). Under Rule 17(c), a district court must appoint a guardian ad litem or take other measures to protect the litigant's interests if presented with "verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003).

While Plaintiff argues that she suffers from "difficulties with memory, processing information, and managing complex communications," (ECF. No. 11 at 2), she does not argue that she is legally incompetent, nor has she submitted verifiable evidence from a mental health professional demonstrating her incompetence. In her motion, Plaintiff details how she has engaged in several communications with the Court, which would seem to contradict the claim that she would need assistance with communicating with the Court. (*See id.* at 3). Plaintiff cites to several court cases, statutes, regulations, and the Federal Rules of Civil Procedure throughout this eight-page motion. This motion alone shows that Plaintiff can undertake a significant

10

amount of legal research, analysis, and argument without the benefit of having a next friend appointed.

A non-attorney pro se litigant may not represent someone else in federal court, *see* 28 U.S.C. § 1654; s*ee also Jones ex rel. Jones v. Correctional Medical Services, Inc.,* 401 F.3d 950, 952 (8th Cir. 2005) (stating that "a non-attorney … may not engage in the practice of law on behalf of others") and *Iannaccone v. Law*, 142 F.3d 553, 558 (2nd Cir. 1998) (stating that "because pro se means to appear for one's self, a person may not appear on another's behalf in the other's cause … A person must be litigating an interest personal to him"). Even if Scotty White were appointed as Plaintiff's next friend, he would still not be allowed to engage in the practice of law on Plaintiff's behalf, which would severely limit any type of assistance that he could offer Plaintiff in this case. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected"). For these reasons, Plaintiff's Motion for ADA Accommodation will be denied.

**Emergency Amended Motion for Protective Order and Expedited Stay**

Plaintiff's Emergency Amended Motion for Protective Order and Expedited Stay, ECF No. 14, seeks to enjoin Defendants "from further threats, retaliation, or adverse employment actions" and seeks "an expedited stay of all adverse employment actions pending resolution of this litigation." (ECF No. 14). The motion also asks that the Court order Defendants "to rescind adverse actions taken since October 30, 2024" and impose sanctions on Defendants. (*Id*. at 3). The Court interprets this motion as a request for a temporary restraining order.

11

The Court notes that Plaintiff's motion was submitted without adequately giving notice to Defendants under Federal Rule of Civil Procedure 65(b)(1). Federal Rule 65(b)(1) states:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorneys **only if**:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and
>
> (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

(emphasis added).

Plaintiffs' complaint is unverified, and she is unrepresented. Plaintiff has not indicated that she has taken any steps to notify the Defendants of her request for emergency relief. Therefore, it is inappropriate to hear this matter *ex parte*, i.e., without all parties present.

Furthermore, an injunction is an extraordinary remedy never awarded as of right. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 27 (2008). In determining whether to grant a temporary restraining order or a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015); *see also Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). "None of these factors by itself is determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting a preliminary injunction." *West Pub. Co. v. Mead Data Cent., Inc.,* 799 F.2d 1219, 1222 (8th Cir. 1986).

Plaintiff has not met her burden to warrant the extraordinary remedy that she requests here. Plaintiff has yet to submit a verified complaint that survives initial review, so it cannot be said that she is likely to succeed on the merits of her case. Further, the adverse actions that Plaintiff alleges have been taken against her include undefined "threats" made during meetings and undefined "directives to perform duties risking harm to Plaintiff and patients." (ECF No. 14 at 2). These vague and conclusory statements are insufficient to prove irreparable harm.

Plaintiff also claims that Defendants issued her a formal reprimand "post-Complaint", and this indicates immediate relief is necessary to prevent further retaliation. (*Id.* at 13). The reprimand in fact appears to have been issued a day before her complaint was filed. Plaintiff's complaint was filed on July 3, 2025, but the reprimand was issued on July 2, 2025. (ECF No. 6, Ex. 4). The exhibit submitted by Plaintiff clearly indicates the process of her reprimand began well before a complaint was filed. (*Id.*). Thus, the claim that Defendants are retaliating against Plaintiff for filing her complaint is contradicted by the very evidence Plaintiff relies on.

Finally, Plaintiff requests sanctions "for Defendant's failure to comply with E.D. Mo. L.R. 4.01, as shown by the omission of Exhibit E-6 which is now docketed."[10] (ECF No. 14 at 3). Rule 4.01 governs how a moving party must file a motion. Defendants have not filed any motion so they could not be in violation of this Local Rule. In fact, service has not been issued in this case, so any argument that Defendants are in violation of this Court's Local Rules is groundless.

For these reasons, the Emergency Amended Motion for Protective Order and Expedited Stay will be denied without prejudice. (ECF No. 14).

---

[10] Exhibit 6 is an arbitration decision in favor of Scotty White, who is not a party to this case. Plaintiff is not mentioned anywhere in this decision and the decision was issued before Plaintiff even suffered her alleged work-related injury.

13

**Motion for Stay and Sanctions**

Plaintiff requests sanctions "in response to procedural and substantive deficiencies" and "an expedited stay of all adverse employment actions." (ECF No. 5). This motion is substantially similar to Plaintiff's Emergency Amended Motion for Protective Order and Expedited Stay. (ECF No. 14). Plaintiff does not present any new facts that are not already addressed in the Motion for Protective Order and Expedited Stay. (ECF No. 14). Her request for sanctions is again based on alleged violations of local court rules, even though Defendants have not filed anything in this case. For the reasons explained above, Plaintiff has failed to meet her burden, and the Motion for Stay and Sanctions will be denied. (ECF No. 5).

**Conclusion**

The Court will give Plaintiff thirty (30) days to file an amended complaint and application to proceed in district court without prepaying fees or costs. After receiving the amended complaint, the Court will review it for frivolousness, maliciousness and for failure to state a claim pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. All other motions are denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail Plaintiff a copy of the Court's Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for "Proceeding without Payment" [ECF No. 2] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk is directed to mail Plaintiff a copy of the Court's Application to Proceed in District Court without Prepaying Fees or Costs form.

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint on the Court's form within **thirty (30) days** of the date of this Order. Plaintiff is advised that her amended complaint will take the place of her original filing and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that Plaintiff must submit an amended application to proceed in district court without prepaying fees or costs on the proper Court form within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for ADA Accommodation Request [ECF No. 11] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's request to have Scotty White appear as next friend in this action is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Stay and Sanctions [ECF No. 5] is **DENIED without prejudice.**

**IT IS FINALLY ORDERED** that Plaintiff's Emergency Motion for Protective Order and Expedited Stay [ECF No. 14] is **DENIED without prejudice.**

**If Plaintiff fails to comply with this Order, the Court may dismiss this action without prejudice and without further notice.**

Dated this 12th day of August, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE