UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

CHERYL BULLOCK,                          )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )        Case No. 1:25-cv-00118-ACL
                                         )
DEPARTMENT OF VETERAN AFFAIRS            )
JOHN J. PERSHING VA MEDICAL              )
CENTER, et al.,                          )
                                         )
            Defendants.                  )

**MEMORANDUM AND ORDER**

This matter is before the Court upon a motion for transfer filed by Plaintiff Cheryl

Bullock. (ECF No. 17). The Court will deny the motion and dismiss the case for failure to

comply with a Court order. *See* Fed. R. Civ. P. 41(b).

**Background**

Plaintiff initiated this complaint on July 3, 2025, alleging that her employer failed to

accommodate her disability and retaliated against her for filing a workers' compensations claim,

among other issues. (ECF No. 1). She requested monetary sanctions and injunctive relief. (*Id.*).

On August 12, 2025, the Court identified several issues with Plaintiff's complaint as it was

written, including: Plaintiff had not signed the complaint, the complaint was not on a Court form,

Plaintiff failed to state a claim upon which relief could be granted, Plaintiff failed to articulate

the jurisdictional basis for bringing her claim in district court, and Plaintiff attempted to bring

suit against unknown and unidentifiable agents. (ECF No. 15). In addition, the Order denied

Plaintiff's request to proceed without paying the filing fee, as the request did not include any

financial information that would be relevant in determining whether Plaintiff qualified for in

forma pauperis status. (*Id*.). The Court directed Plaintiff to either pay the full filing fee or submit an amended request within 30 days. (*Id*.). The Court further found the complaint defective and directed Plaintiff to file an amended complaint within 30 days. (*Id*.). The Court cautioned Plaintiff that her failure to timely comply with the Order would result in the dismissal of the case without further notice. (*Id*.). Plaintiff's response was due by September 11, 2025.

### Motion to Transfer

While Plaintiff ignored the Court's August 12, 2025, Order and failed to correct any of the deficiencies of her complaint and her request to proceed without payment of the filing fee, she instead filed a motion to transfer the case. (ECF No. 17). Plaintiff claims this is "due to demonstrated bias and procedural irregularities." (*Id*. at 1). Plaintiff complains that this case was assigned to Judge Crites-Leoni, and Judge Limbaugh "unilaterally intervened and issued orders in this matter, despite lacking proper assignment or authority." (*Id*.). Plaintiff also complains that the summons has not yet been issued. (*Id*.).

Plaintiff is mistaken in several ways. First, Judge Crites-Leoni is a Magistrate Judge. As such, she is authorized to issue a number of orders, which she has done in this case already. However, a Magistrate Judge's authority is limited. For example, a Magistrate Judge may not rule on a motion for injunctive relief. *See* 28 U.S.C. § 636. Because Plaintiff filed two motions in this case which requested injunctive relief (ECF Nos. 5 and 14), Judge Crites-Leoni could not issue rulings on those motions. Therefore, a District Court Judge was required to sign off on the Order which ruled on those motions. Because Judge Limbaugh is a Senior District Judge and sits in Cape Girardeau with Judge Crites-Leoni, it is not uncommon or improper for him to sign orders which are beyond Judge Crites-Leoni's authority. Plaintiff's contention that Judge Limbaugh's intervention in this case is improper is without merit.

Second, the signing of an Order by a Senior District Judge does not alone indicate any judicial bias. In light of her pro se status, Plaintiff was given an opportunity to correct the many errors in her complaint identified by the Court. This does not suggest a bias against Plaintiff.

Third, Plaintiff is mistaken that the Court is obligated to issue a summons in this case. A party instituting any civil action in district court must pay a filing fee. 28 U.S.C. § 1914. A district court may request advance payment of fees. *Id*. This Court's local rule 2.01(B) requires that a filing fee shall be collected in advance, with few exceptions. One exception is where filing in forma pauperis is permitted pursuant to 28 U.S.C. § 1915. Filing in forma pauperis was denied in this case, though Plaintiff was given another opportunity to file a new request under the August 12, 2025, Order. Plaintiff has not made a new request to file her complaint without paying the filing fee, nor has she paid the filing fee. The docket sheet indicated to Plaintiff that the reason the summons was not executed was due to the pending in forma pauperis motion, which has since been denied. Rather than this showing impropriety by the Court, the summons was not executed due to Plaintiff's failure to comply with the Court's local rule on paying the filing fee in advance or qualifying for in forma pauperis. Therefore, Plaintiff's contention that the failure to issue a summons is improper is also without merit.

Plaintiff's request to transfer this case is based on misunderstandings of the Court's rules and the role of District Court Judges. Because the basis of the request is without merit, the motion to transfer will be denied.

### Failure to Comply with a Court Order

The Court gave Plaintiff a number of directives in the August 12, 2025, Order. Plaintiff's amended complaint was due by September 11, 2025. Plaintiff was also required to pay the full filing fee or submit an amended request for in forma pauperis status by September 11, 2025.

Plaintiff has neither complied with the Court's Order, nor sought additional time to do so.

Plaintiff was given meaningful notice of what was expected, she was cautioned that her case

would be dismissed if she failed to timely comply, and she was given ample time to comply. The

Court will therefore dismiss this action, without prejudice, due to Plaintiff's failure to comply

with the Court's August 12, 2025, Order and her failure to prosecute her case. *See* Fed. R. Civ. P.

41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to

dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily

vested in courts to manage their own affairs so as to achieve the orderly and expeditious

disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the

power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** the Plaintiff's motion to transfer is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to cease clerk misconduct and seek

protective order is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in

good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 8th day of October, 2025.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE