UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CHERYL BULLOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-118-ACL |
| ) | |
| DEPARTMENT OF VETERAN AFFAIRS ) | |
| JOHN J. PERSHING VA MEDICAL ) | |
| CENTER, et al., | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This closed case is before the Court on self-represented Plaintiff Cheryl Bullock's motion for protective order, emergency stay, and request for court-ordered mediation. ECF No. 20. Such a motion is moot on a closed case and will be denied.

However, the Court will address concerns regarding the actions of Plaintiff and her "duly assigned representative" Scotty White. White is not an attorney and is not representing Plaintiff in this matter. He may well be her representative in her workers' compensation case, but that is not the case before this Court. White was specifically denied his request that he be allowed to communicate with the Court on Plaintiff's behalf and assist Plaintiff with organizing and preparing legal filings. *See* ECF No. 15. Yet, he presents this motion to the Court, stating "Comes now Cheryl Bullock, by and through her duly assigned representative Scotty White…" ECF No. 20 at 1. This Court has not assigned White to Plaintiff's case, has specifically denied White the ability to communicate with this Court on Plaintiff's behalf, and under any circumstances, White cannot prepare legal documents as a non-attorney.

The State of Missouri seeks to "protect the public from being advised or represented in legal matters by incompetent or unreliable persons" by restricting the practice of law only to licensed attorneys. *Hulse v. Criger*, 363 Mo. 26, 247 S.W.2d 855, 857–58 (Mo. 1952). Under Missouri Revised Statute § 484.020.1, no person or entity "shall engage in the practice of law" in Missouri unless having been duly licensed by the State. The Missouri legislature defines the practice of law as:

> the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any in such capacity in connection with proceedings pending or prospective before any court of record, commissioner, referee or any body, board, committee, or commission constituted by law or having authority to settle controversies.

Missouri Revised Statute § 484.010.1. White presents himself as an advocate in a representative capacity, and has seemingly drafted motions, if not pleadings themselves. He has included his signature block on this motion and the certificate of service. White's advocacy is not only in violation of Missouri law, but it also failed to aid Plaintiff, as her case has been riddled with deficiencies from the start and is now closed, having been dismissed for failure to comply with a Court Order which directed her to repair the noted deficiencies. *See* ECF No. 18. This is precisely the harm that the State of Missouri seeks to protect against by barring non-attorneys from practicing law.

White and Plaintiff have repeatedly failed to comply with the rules and Orders of this Court and are both warned that any filing that has White's signature block or that purports to be presented "by and through" White will be returned immediately and will not be filed with this Court. The continued misuse of judicial resources may result in sanctions under Federal Rule of Civil Procedure 11(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for protective order, emergency stay, and request for court-ordered mediation (ECF No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that except for a motion or pleading relating to an appeal neither Plaintiff nor Scotty White shall be allowed to file any additional papers in this closed action.

**IT IS FURTHER ORDERED** that the Clerk shall return all filings to Plaintiff or White that do not relate to an appeal.

Dated this 22nd day of October, 2025.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE